UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARMUND ALEXANDER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )     Case No. 4:08CV156SNL |
| | ) |
| SANTIAGO HALLAZGO, ET. AL., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM

*Pro se* prisoner plaintiff has filed this Eighth Amendment action alleging that his ingrown toenail is infected, that he has been denied appropriate medical care, and needs to see a specialist. This matter is before the Court on (remaining) defendant Correction Medical Services'[1] motion for summary judgment (#15), filed June 9, 2008. As of today's date, plaintiff has failed to file a response.

After careful review of the court file, the instant pleading, and relevant caselaw, the Court will grant summary judgment to Correctional Medical Services. Although it is not clear as to whether plaintiff is asserting a §1983 claim based on *respondeat superior*, it is clear to the Court that plaintiff is asserting a difference of opinion as to his medical treatment. The evidence before the Court shows that plaintiff has been given regular and consistent care for his foot problem, including but not limited to, Betadine foot soaks and antibiotics.

To succeed on a claim for inadequate medical treatment under 42 U.S.C. §1983, a plaintiff must meet both the objective and subjective components of an Eighth Amendment violation.

---

[1]On February 26, 2008 a "Suggestion of Death" was filed for defendant Dr. Santiago Hallazgo. *See*, Document #10.

Wilson v. Seiter, 501 U.S. 294 (1991); Simmons, at 807; Coleman, at 784; Aswegan v. Henry, 49 F.3d. 461, 464 (8th Cir. 1995). To do this, a plaintiff must demonstrate that the defendant(s) were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Keeper v. King, 130 F.3d. 1309, 1314 (8th Cir. 1997) *citing* Coleman, at 784. In order to succeed, an inmate must show both that s/he had an objectively serious medical need and that the defendant knew of and disregarded that need. Coleman, at 784 *citing* Miller v. Schoenen, 75 F.3d. 1305, 1309 (8th Cir. 1996); *see also*, Estelle v. Gamble, 429 U.S. at 105; Farmer v. Brennan, 511 U.S. at 837.

A "serious medical need" is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Coleman, at 784 *quoting* Camberos v. Branstad, 73 F.3d. 174, 176 (8thCir. 1995); *see also*, Simmons, at 807-08 *quoting* Moore v. Jackson, 123 F.3d. 1082, 1086 (8th Cir. 1997)("A medical need is serious if it is obvious to the layperson or supported by medical evidence."). When an inmate alleges that a delay in medical treatment constituted a constitutional deprivation, "the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment." Keeper v. King, at 1314-15; Coleman, at 784; Crowley v. Hedgepeth, 109 F.3d. 500, 502 (8th Cir. 1997). Furthermore, to impose liability, the inmate must demonstrate that the delay was prompted by "obduracy and wantoness, not inadvertence or error in good faith." Ruark v. Drury, 21 F.3d. 213, 216 (8th Cir. 1994) *quoting* Whitley v. Albers, 475 U.S. 312, 319 (1986). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Beyerbach v. Sears, 49 F.3d. 1324, 1326 (8th Cir. 1995). A failure by an inmate to place such supporting medical evidence in

the record to establish the detrimental effect of the alleged delay in medical treatment "precludes a claim of deliberate indifference to medical needs." Coleman, at 784 *citing* Crowley, at 502.

In order to satisfy the subjective component of an Eighth Amendment medical claim, a plaintiff inmate must show that the prison official(s) had actual knowledge of, yet disregarded, an excessive risk to the inmate's health. Keeper v.King, at 1314 *quoting* Logan v. Clarke, 119 F.3d. 647, 649 (8th Cir. 1997); *see also*, Farmer v. Brennan, 511 U.S. at 837. A prison official may be liable under the Eighth Amendment if s/he knows that an inmate faces a substantial risk of serious harm and fails "to take reasonable measures to abate it." Coleman, at 785 *citing* Farmer v. Brennan, 511 U.S. at 847. "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." Coleman, at 785 *quoting* Long v. Nix, 86 F.3d. 761, 765 (8th Cir. 1996). A prison official's requisite knowledge may be established circumstantially or from the fact that the seriousness of the medical need was obvious. Coleman, at 786; Boyd v. Knox, 47 F.3d. 966, 968 (8th Cir. 1995).

Inherent in the concept of "deliberate indifference" is actual knowledge of a serious risk to the inmate's health by the prison official, and the prison official's conscious choice to disregard that risk; consequently, mere negligence or a claim for medical malpractice cannot be sustained under the Eighth Amendment. Smith v. Jenkins, 919 F.2d. 90, 93 (8th Cir. 1990). A mere disagreement with a course of treatment or medical diagnosis fails to state an Eighth Amendment medical claim. Smith v. Marcantonio, 910 F.2d. 500, 502 (8th Cir. 1990); Lair v. Oglesby, 859 F.2d. 605, 606 (8th Cir. 1988).

3

Here, plaintiff has not put forth any evidence of a serious health risk known to but ignored by defendant. Instead, he simply disagrees with the treatment program. Inmates do not have a constitutional right to any particular type of treatment. Long v. Nix, at 765. "Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, at 765 (citations omitted).

In light of the above findings, no material issues of fact exist as to defendant's course of medical treatment regarding plaintiff's foot problems, and as a matter of law, summary judgment will be granted to defendant Correctional Medical Services.

Dated this   31st   day of July, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE